```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PATRICIA CUMMINGS-LEWIS, CPA,

                Plaintiff,

     -against-                            MEMORANDUM AND ORDER
                                          06-CV-0877 (JS)(ARL)
R. SCOTT LEWIS,
                Defendant.
----------------------------------------X
```
Appearances:

For Plaintiff:          Barry Gross, Esq.
                        Parola, Gross & Marino, P.C.
                        775 Wantagh Ave
                        Wantagh, New York 11793

For Defendant:          R. Scott Lewis, Pro Se
                        243 Marys Lane
                        Southampton, New York 11968

SEYBERT, District Judge:

  On April 14, 2006, this Court ordered pro se litigant R. Scott Lewis ("Lewis") to show cause why the two actions he removed to this Court (Index Nos. 99-06579 and 05-017941) should not be remanded to the Supreme Court for the State of New York, Nassau County because of this Court's lack of subject matter jurisdiction. On April 27, 2006, the Court received from the Pro se Clerk's Office Lewis' reply.

  Rather than provide any adequate basis for removing the two actions, Lewis requested leave to file an amended complaint to include the Internal Revenue Service as a Defendant in the second action (Index No. 05-017941). Lewis apparently believes that the amendment will remedy his jurisdictionally defective removal. The

impression is erroneous.  Because removeability is determined at the time a notice of removal is filed, see City of Rome v. Verizon Commc'ns, Inc., 362 F.3d 168, 174 (2d Cir. 2004), Lewis' proposed amendment has no impact on this Court's subject matter jurisdiction.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal").

Plaintiff has failed to provide this Court with any basis of jurisdiction over the removed actions.  See April 14, 2006 Order.  Accordingly, the Court hereby REMANDS both matters (Index Nos. 99-06579 and 05-017941) back to the Supreme Court for the State of New York, Nassau County.  The Clerk of the Court is directed to mail certified copies of the April 14, 2006 Order and this Order to the New York Supreme Court for the County of Nassau.  Thereafter, the Clerk of the Court is directed to REJECT any further filings under this federal docket number.  See Brandt-Airflex Corp. v. Black River Constructors, No. 92-CV-1804, 1992 WL 329737, at *1 (E.D.N.Y. Oct. 21, 1992) (recognizing that the state court's receipt of a certified copy of the remand order divests the district court of jurisdiction).

SO ORDERED.

Dated: Central Islip, New York  /s/ JOANNA SEYBERT
      May  2 , 2006  JOANNA SEYBERT, U.S.D.J.